# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### March 2000 Session

## STATE EX REL., ALICIA M. GRAHAM v. DAVID R. CHERRY, JR.

### Direct Appeal from the Circuit Court for Davidson County
#### No. 98D-4013    Muriel Robinson, Judge

---

### No. M1999-01623-COA-R3-CV - Filed July 19, 2000

---

This is an appeal by the State of Tennessee on behalf of Alicia M. Graham pursuant to an assignment of rights to the state under Tennessee Code Annotated section 71-3-124(a)(1)(Supp. 1999). The State of Tennessee provided child support enforcement and paternity establishment services to Ms. Graham and two children, pursuant to Title IV-D of the Social Security Act, 42 U.S.C. §§ 651 - 669. The trial court granted child support from the time of the filing of the petition. However, the court denied retroactive support on the basis of the delay of the State of Tennessee in filing the petition finding that such a judgment would be burdensome to the respondent, David R. Cherry, Jr., the father of the children. The State of Tennessee appeals, and we reverse and remand on the issue of retroactive child support.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
### Reversed and Remanded

WILLIAM B. CAIN, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S., and PATRICIA J. COTTRELL, J., joined.

Paul G. Summers, Attorney General and Reporter, and Stuart Wilson-Patton, Assistant Attorney General, for the appellant, State EX REL., Alicia M. Graham.

David R. Cherry, Jr., Nashville, Tennessee, Pro Se.

### OPINION

On December 29, 1998, the State of Tennessee filed a petition to establish paternity and set support relative to minor children, Danielle Marie Cherry, date of birth October 18, 1992, and David Lamont Cherry, date of birth March 28, 1994. The mother of the children, Alicia M. Graham, and the father of the children, David R. Cherry, Jr., were never married to each other, and Mr. Cherry had not provided support for the children prior to the filing of the petition. Ms. Graham had applied for and received public assistance in the form of Title IV-D services, pursuant to Tennessee Code Annotated section 71-3-124(c).

The minor children, since birth, have resided with the mother, Ms. Graham. In the petition, the state sought "child support and a judgment for back support and all necessary expenses as provided in T.C.A. § 36-2-111 and Chapter 1240-2-4-(01)(e) of the Tennessee Child Support Guidelines." On February 10, 1999, an agreed order of support was entered in the Circuit Court of Davidson County reflecting Mr. Cherry's net income to be $1,148 per month. The agreed order set current child support at an amount equal to $380 per month beginning February 12, 1999. The order recited that this amount was in accordance with the Tennessee Child Support Guidelines, and it further provided:

> 17. This matter shall be set on the Court's docket on __*March 4*__, 199_9_, at __*9:00*__ on the issue(s) of:
>
> > _____*retro support*_____
>
> _____
>
> _____
>
> The Respondent shall bring the following information:
>
> (✓) Proof of income from ____*1992*____ until the date of the hearing,
> (✓) Proof of the availability and cost of medical insurance through employer,
> (  ) Copies of other child support orders,
> (✓) Proof of support paid for the child(ren) prior to the entry of this order.

It is noted that the above paragraph 17, relative to the setting of the March 4, 1999 hearing, is a part of the agreed order of February 10, 1999 which is signed by the trial judge and approved for entry over the signature of the respondent, Mr. Cherry.

Following the hearing of March 4, 1999, the trial court entered the following order:

> This cause came to be heard on the 4th day of March, 1999, before the Honorable Muriel Robinson, Judge, for further hearing on the issue of support owed by the Respondent from the birth of the children until February 12, 1999 when the Respondent was ordered to begin making current support payments. Present for the hearing was the attorney for the State IV-D Agency, the Petitioner Alicia M. Graham and the Respondent David R. Cherry[,] Jr. failed to appear although they were properly notified of the hearing by prior order.
>
> The IV-D Agency asked the Court to grant a judgment against the Respondent in the amount of $26,290.00. The attorney provided evidence to the Court that the mother had received TANF benefits for the children since their birth through December 1998. The attorney explained that based upon the net monthly income of $1,188.48 evidenced in the Respondent's prior agreed order, the Respondent would owe seventeen (17) months of support at $250.00 per month for the support of Danielle Cherry, born on October 18, 1992 and fifty [eight] (58)

-2-

months of support at $380.00 per month for the support of David Cherry, born on March 28, 1994 and Danielle Cherry.

The Court ordered that no retro support should be awarded based on the fact that the time delay in filing a petition to establish [p]aternity and [s]upport by the Petitioner and the State of Tennessee caused the delay in ordering support and to award such a judgment would be burdensome to the Respondent to such a point that it could not be paid by the Respondent.

**It is therefore, ORDERED, ADJUDGED AND DECREED**: that there will be no award to retro support.

So it is that at a hearing specially set with the consent of Mr. Cherry that neither he nor the mother of the children, Ms. Graham, chose to appear. Thus, the state was left to prove, without contradiction, the payment by the State of Tennessee Assistance For Needy Families in the amount of $26,290 beginning with the birth of the oldest of the children, Danielle Cherry, on October 18, 1992 and extending through December 1998.

Under the circumstances disclosed by the order following the hearing of March 4, 1999, the failure of the trial court to set retroactive support is error. Since the petition in this case was filed in December 1998, it is governed by the more stringent provisions of Chapter 477 of the Public Acts of 1997, now codified as Tennessee Code Annotated sections 36-2-301 to 36-2-322 (Supp. 1999). Even, however, assuming that the events pre-dating the effective date of the new act mandated application of the prior law codified at Tennessee Code Annotated sections 36-2-101 to 36-2-115 (1996), the action of the trial court is inconsistent with the Tennessee Supreme Court's holding in *State ex rel. Coleman v. Clay*, 805 S.W.2d 752 (Tenn. 1991). In that case, the juvenile court attempted to establish retroactive support only to the date when certified blood test results established the respondent to be the father of the child. Said the court:

> We conclude that this limitation was improper, because it cannot be squared with the provisions of Tennessee's paternity statutes. Under T.C.A. §36-2-102, the father is responsible both for the child's support and for the expenses of pregnancy and birth, as follows:
>
> > The father of a child born out of wedlock is liable for the necessary support and education of the child. He is also liable for the child's funeral expenses. He is liable to pay for the expenses of the mother's confinement and recovery, and is also liable to pay such expenses, including counsel fees, in connection with her pregnancy as the court in its discretion may deem proper.
>
> T.C.A. § 36-2-108 governs entry of the paternity decree and provides in pertinent part:

(a)    If the finding be against the defendant, the court shall make an order of paternity and support, declaring paternity and for the support and education of the child, and may order a change of name.

(b)    The order of paternity and support shall specify who is to have custody of the child, and the sum to be paid monthly or otherwise, through the clerk of the court, until the child reaches the age of majority, and as otherwise provided by statute. *In addition to providing for the support and education, the order shall also provide* for the payment of the necessary expenses incurred by or for the mother in connection with her confinement and recovery; for the funeral expenses if the child has died; *for the support of the child prior to the making of the order of paternity and support*; and such expenses in connection with the pregnancy of the mother as the court may deem proper. The court shall set a specific amount which is due in each month to be paid in (1) or more payments as the court orders. (Emphasis supplied.)

The Court of Appeals, relying upon the emphasized language in § 36-2-108, held correctly that the father's responsibility for support of a child of his born out of wedlock arises at the date of the child's birth. Because the statute also permits the juvenile court to make a retroactive award for expenses incurred in the support of the child prior to the entry of the paternity decree, such an award can be made back to the date of the child's birth, under appropriate circumstances. Obviously, the juvenile judge has broad discretion to determine the amount of such a retroactive award, as well as the manner in which it is to be paid.

What the juvenile judge lacks is discretion to limit the father's liability for child support in an arbitrary fashion that is not consistent with the provisions in T.C.A. § 36-2-102 and § 36-2-108. For example, nothing in those sections can be interpreted to restrict the father's liability to the date when he knows for certain that the child in question is his. Such a limitation not only amounts to judicial legislation, but also encourages the putative father to avoid legitimately instituted court proceedings and to delay testing, as did the defendant in this case, in the hope of minimizing the ultimate support award.

We therefore affirm the holding by the Court of Appeals to the effect that upon determination of paternity, the father of a child born out of wedlock is statutorily liable for support from and after the child's birth. We further agree that the statute gives the juvenile court the discretion to order a retroactive support award back to that date, the amount and method of payment to be determined by the juvenile judge in light of the circumstances of the case and consistent with the standards which normally govern the issuance of child support orders. *See* T.C.A. § 36-2-108(d). We reject the implicit holding by the juvenile court in this case that

-4-

the father's liability is retroactive only to the date on which he knew for certain that he was the child's father.

As did the Court of Appeals, we also reject the defendant's argument that [the mother] should be denied recovery because she is guilty of laches. In order to establish such a bar, more than mere delay must be shown. *Murphy v. Emery*, 629 S.W.2d 895, 897-98 (Tenn.1982). Indeed, the touchstone of laches is prejudice to the other party, and here, no actual prejudice of the kind contemplated by law has been demonstrated by the defendant.

*State ex rel. Coleman v. Clay*, 805 S.W.2d 752, 754-55 (Tenn. 1991).

In the case at bar, the respondent, Mr. Cherry, did not bother to even show up for the hearing in which he was the beneficiary of a trial court holding as to retroactive child support, leaving the State of Tennessee to carry $26,290 of his responsibility. The judgment of the trial court is reversed and the case is remanded for a determination by the trial court of an appropriate amount of retroactive child support consistent with child support guidelines or a determination of adequate reason for departing therefrom. Costs of this cause are assessed against the appellee, Mr. Cherry.

_____
WILLIAM B. CAIN, JUDGE